IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| SENSUS USA, INC., SENSUS WORLDWIDE LIMITED, and SENSUS WORLDWIDE HOLDINGS LIMITED, | : : : : | |
| Plaintiffs, | : : | |
| v. | : : | Civ. No. 15-742-RGA |
| BENJAMIN P. FRANKLIN, JR., | : : | |
| Defendant. | | |

## MOTION FOR TEMPORARY RESTRAINING ORDER

Plaintiffs Sensus USA, Inc., Sensus Worldwide Limited, and Sensus Worldwide Holdings Limited (collectively "Sensus"), by and through its undersigned counsel, hereby move for a temporary restraining order (the "TRO Motion") against Defendant Benjamin P. Franklin, Jr. ("Franklin" or "Defendant"), a former employee of Sensus.[1]

## THE PARTIES

1. Sensus is a manufacturer of metering systems and automatic metering infrastructure for water, gas, and electric utilities.

2. Franklin was an executive at Sensus starting in June 2006, when Sensus acquired substantially all the assets of Advanced Metering Data Systems, LLC, a company founded by Franklin. Franklin personally benefitted significantly from this acquisition. He was employed by Sensus in the position of Director of Business Development and Director of Sales.

---

[1] The TRO Motion was originally filed in the Court of Chancery in the State of Delaware on August 24, 2015. (D.I. 1-1). Plaintiffs understand that they must re-file the TRO Motion under the new caption in order for the Court to consider it. In order to avoid an additional round of briefing, Plaintiffs have copied the Court of Chancery filing verbatim. Defendant has already responded to it in this Court. (D.I. 8). The relevant legal standards are effectively the same for purposes of this TRO Motion. *See, e.g., Playboy Entm't Grp., Inc. v. United States*, 918 F. Supp. 813, 822-23 (D. Del. 1996).

3. Franklin entered into an Employment and Non-Interference Agreement ("Agreement") with Sensus on June 13, 2006, a copy of which is attached as Exhibit 1 and incorporated by reference. The Agreement contains a valid and enforceable Non-Competition, Non-Solicitation, Non-Disclosure, and Non-Disparagement provisions ("Post-Employment Restrictions"). (Agreement § 7).

4. The Post-Employment Restrictions prohibit Franklin for a period of two years from his date of termination with Sensus from taking employment with a Sensus competitor, or encouraging, soliciting, or attempting to induce any Sensus employee to terminate his/her employment with Sensus. In addition, Franklin is barred from disclosing or using any of Sensus' confidential business information.

5. On August 17, 2015, Franklin submitted notice of his resignation from Sensus, effective two weeks later. On or about August 19, 2015, Sensus learned that Franklin accepted a position with Silver Springs Network. Silver Springs Network is a direct competitor of Sensus. Upon information and belief, Franklin will begin working for Sensus' direct competitor immediately after his last day of employment at Sensus. Franklin's duties at Silver Springs Network will be substantially similar to the work he performed for Sensus.

6. "In assessing whether a temporary restraining order is warranted, the Court is generally guided by three factors: (i) the existence of a colorable claim, (ii) the irreparable harm that will be suffered if relief is not granted, and (iii) a balancing of hardships favoring the moving party." *CBOT Holdings, Inc. v. Chicago Bd. Options Exch., Inc.*, 2007 WL 2296356, *3 (Del. Ch.). "When deciding whether to issue a TRO, the Court's focus is less upon the merits of the plaintiff's legal claim than on the relative harm to the various parties if the remedy is or is not granted." *Trilogy Portfolio Co., LLC v. Brookfield Real Estate Fin. Partners, LLC*, 2012 WL

120201, *4 (Del. Ch.). "Indeed, if imminent irreparable harm exists, 'the remedy ought ordinarily to issue unless the claim is frivolous, granting the remedy would cause greater harm than denying it, or the plaintiff has contributed in some way to the emergency nature of the need for relief." *Id.* Sensus has asserted a colorable claim for breach of the Agreement, imminent irreparable harm exists, and the equities favor Sensus. Accordingly, the TRO Motion should be granted.

7. **Sensus Has Asserted A Colorable Claim**. "On an application for a TRO . . . the plaintiff need only state a colorable claim for relief, which is essentially a non-frivolous cause of action." *Reserves Dev. Corp. v. Wilmington Trust Co.*, 2008 WL 4951057, *2 (Del. Ch.). As detailed in the Complaint, the Agreement is a valid and enforceable contract. Franklin breached the material provisions of the Agreement by accepting a position with Sensus's direct competitor.

8. **Sensus Faces Imminent Irreparable Harm**. Franklin and Sensus agreed that specific performance, including injunctive relief is an appropriate remedy for violation of the Agreement. Section 7(e) of the Agreement states:

> All the parties hereto agree that their rights under this Section 7 are special and unique and that violation thereof would not be adequately compensated by money damages and each grants the other the right to specifically enforce (including injunctive relief where appropriate) the terms of this Agreement.

Injunctive relief is appropriate to remedy Franklin's clear violation of the Agreement and he should be immediately enjoined from working for Silver Springs Network for the pendency of the Post-Employment Restrictions. Moreover, absent injunctive relief, Franklin will continue to work for a direct competitor in a substantially similar area of work in violation of the Agreement and further risk the disclosure Sensus's Confidential Information in violation of Section 7(c) of

the Agreement.  Moreover, absent injunctive relief, Sensus will be deprived of the benefit of the bargain provided for in the Agreement.

9. **The Equities Favor An Injunction**.  Absent a temporary restraining order Sensus risks imminent irreparable harm and will be deprived of the benefits of the Agreement. Franklin has demonstrated himself to be mobile in his employment and can go to work for any number of companies that are not a "Competitive Business" under the Agreement.

## CONCLUSION

For the reasons stated herein, Sensus respectfully request that the Court grant the TRO Motion and enter an order in the form filed herewith.

PROCTOR HEYMAN ENERIO LLP

*/s/ Samuel T. Hirzel, II*
Samuel T. Hirzel (# 4415)
Aaron M. Nelson (# 5941)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
*Attorneys for Plaintiffs*

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
Kevin S. Joyner
N.C. Bar No. 25605
Phillip J. Strach
N.C. Bar No. 29456
J. Allen Thomas
N.C. Bar No. 40119
4208 Six Forks Road, Suite 1100
Raleigh, N.C. 27609
Telephone:  (919) 787-9700
Facsimile:  (919) 783-9412
Kevin.Joyner@ogletreedeakins.com
Phil.Strach@ogletreedeakins.com
Allen.Thomas@ogletreedeakins.com

Dated:  September 16, 2015