IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SENSUS USA, INC.; SENSUS WORLDWIDE LIMITED; and SENSUS WORLDWIDE HOLDINGS LIMITED,<br><br>  Plaintiffs,<br><br>v.<br><br>BENJAMIN P. FRANKLIN, JR.,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) C.A. No. 15-742 RGA<br>)<br>)<br>)<br>)<br>) |

## [PROPOSED] CONSENT ORDER AND JUDGMENT

WHEREAS, Plaintiffs Sensus USA, Inc., Sensus Worldwide Limited, and Sensus Worldwide Holdings Limited (collectively "Sensus") and Defendant Benjamin P. Franklin, Jr. ("Franklin") have reached an agreement to resolve the disputes that exist between them, and consent to the following Judgment as set forth below.

IT IS HEREBY ORDERED, JUDGED, AND DECREED that:

1.  Franklin is hereby enjoined from, directly or indirectly through any third party, until October 2, 2017:

(a)  Owning, managing, operating, controlling, investing or acquiring an interest in, whether as a proprietor, partner, stockholder, member, lender, director, officer, employee, joint venturer, investor, lessor, supplier, customer, agent, representative or other participant, or otherwise engaging or participating in, whether as a proprietor, partner, stockholder, member, lender, director, officer, employee, joint venturer, investor, lessor, supplier, customer, agent, representative or other participant, any business which competes, directly or indirectly, with the Business in the Market ("Competitive Business") ("Business" and "Market" shall be given the

meaning prescribed in the Parties' Employment Agreement entered into on June 13, 2006 (D.I. 1, Ex. A at Agreement ¶ 9). For the avoidance of all doubt, Franklin is not enjoined from continuing his current employment with Oracle, based on his representations to Sensus as to his job duties with Oracle, which commenced on December 22, 2015. Franklin cannot, however, until October 2, 2017, indirectly compete with Sensus by participation on an internal team at Oracle or any other company that is partnering with an entity to compete with the Business for the provision of technology, equipment, applications, software or monitoring services in respect of (i) automatic meter reading, as well as interfaces to electricity, water and gas meters, (ii) radio frequency monitoring or control of equipment or devices; (iii) tower-based telemetry; (iv) sub-metering; and (v) equipment monitoring software-based value-added services relating to any of the foregoing (*see* definition of "Business," Agreement ¶ 9).

(b) Knowingly recruiting, soliciting or otherwise inducing or influencing any proprietor, partner, stockholder, member, lender, director, officer, employee, sales agent, joint venturer, investor, lessor, customer, supplier, agent, representative or any other person which has a business relationship with Sensus or had a business relationship with Sensus within the twenty-four (24) month period preceding the August 17, 2015 resignation of Franklin, to discontinue, reduce or modify such employment, agency or business relationship with Sensus.

(c) Knowingly employing or seeking to employ or causing any Competitive Business to employ or seek to employ any person or agent who is then (or was at the time within twelve (12) months prior to the date Franklin or the Competitive Business employs or seeks to employ such person) employed or retained by Sensus. Notwithstanding the foregoing, nothing herein shall prevent Franklin from providing a letter of recommendation to an employee with respect to a future employment opportunity.

(d)     Disclosing to any person or using or otherwise exploiting for his own benefit or for the benefit of anyone other than Sensus any Confidential Information (as defined in the Parties' Employment Agreement, D.I. 1, Ex. A at Agreement ¶ 7(c)) whether prepared by Franklin or not; disclosing Confidential Information other than to his advisors, representatives and agents who agree to observe the confidentiality terms and conditions set forth in the parties' Employment Agreement. Franklin shall have no obligation to keep confidential any Confidential Information in order to satisfy the requirements of the law or to comply with the lawful orders or processes of the courts; provided, however, that in the event disclosure is required by applicable law, Franklin shall provide Sensus with prompt notice of such requirement to the extent allowed by law, prior to making any disclosure, so that Sensus may seek an appropriate protective order. Further, at the request of Sensus, Franklin shall deliver to Sensus all Confidential Information which Franklin may possess or control, and Franklin shall promptly disclose such Confidential Information to Sensus and perform all actions reasonably requested by Sensus to establish and confirm such exclusive ownership.

2.      Within three (3) days of the entry of this Consent Order, Franklin shall take the appropriate action to dismiss WITH PREJUDICE the action pending in the Superior Court of Fulton County, State of Georgia, titled Benjamin P. Franklin, Jr. and Silver Spring Networks, Inc. v. Sensus USA, Inc., Civil Action No. 2015-cv-265152, with all parties to bear their own attorneys' fees and costs.

3.      The Parties shall bear their own respective costs and attorneys' fees in this action.

4.      The Court hereby retains jurisdiction over this matter to implement and enforce the terms of this Order. Any dispute arising out of this Order or the Employment Agreement

entered into by Sensus and Franklin shall be brought exclusively in this Court and Delaware law shall apply.

5. This matter is hereby dismissed WITH PREJUDICE, as are any and all claims that arose during or otherwise could have been alleged in this matter.

| PROCTOR HEYMAN ENERIO, LLP | YOUNG CONAWAY STARGATT & TAYLOR, LLP |
|---|---|
| */s/ Samuel T. Hirzel* | */s/ Pilar G. Kraman* |
| Samuel T. Hirzel, II (No. 4415)<br>Aaron M. Nelson (No. 5941)<br>300 Delaware Avenue, Suite 200<br>Wilmington, DE 19801<br>(302) 472-7300<br>shirzel@proctorheyman.com<br>anelson@proctorheyman.com | Margaret M. DiBianca (No. 4539)<br>Pilar G. Kraman (No. 5199)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>(302) 571-5008<br>mdibianca@ycst.com<br>pkraman@ycst.com |
| *Attorneys for Plaintiffs* | *Attorneys for Defendant* |

SO ORDERED this 25 day of May, 2016.

Hon. Richard G. Andrews, U.S. District Judge

4